# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOAN L. AUFDERHEIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-1350-MTS |
| | ) | |
| DEPARTMENT OF MENTAL HEALTH, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Joan L. Aufderheide for leave to commence this civil action without prepaying fees or costs. ECF No. 2. Plaintiff's motion is not on a Court form and is not supported by any financial information. As such, plaintiff will be required to resubmit her request on the proper form. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, and will deny, at this time, her motion seeking the appointment of counsel.

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the instant action on December 19, 2022 against five defendants: (1) the Department of Mental Health; (2) the Southeast Missouri Mental Health Facility; (3) Justin Hughes, Forensic Case Monitor; (4) Missouri Protection and Advocacy; and (5) the Attorney General of Missouri. Plaintiff does not specify whether she is suing Mr. Hughes in his official and/or individual capacity. Plaintiff invokes this Court's federal question jurisdiction, and avers her claims arise under the First Amendment, Eighth Amendment, Fourteenth Amendment, "Harassment based on sex, female and PTSD disability," "Discrimination on Ethnicity and Heritage;" the "Whistleblower Act," and "HIPPA Violations." The Court liberally construes the complaint as being filed pursuant to 42 U.S.C. § 1983.

In the section designated for plaintiff to state the facts of her case, she directs the Court to the following attachments: (1) two letters, dated August 25, 2021 and December 6, 2021, from her psychologist Daniel Levin, Ph.D.; (2) Dr. Levin's resume; (3) a two-page document titled, "List of Events," and (4) documentation from the State of Missouri's Department of Mental Health revoking her conditional release.

The document titled, "List of Events," appears to be plaintiff's attempt at drafting a statement of claim. *See* ECF No. 1-3. Plaintiff lists many complaints without factual detail, including a violation of HIPPA rights, "dangerous unhealthy living conditions," and a misdiagnosis of her medical conditions. She further asserts she was "raped at St. Louis State," became a "human punching bag at SLPRC," and was targeted at her home with false complaints. She indicates she is afraid for her life because a "cold blooded contract murder[er] vowed to kill [her]" and is concerned that mentally ill people are allowed to possess firearms. She does not state when any of these events occurred or explain how the named defendants are responsible.

3

For relief, plaintiff requests her "civil rights back in full," actual and punitive damages, and for the mental health and penal system to be fixed.

## Discussion

After careful review of plaintiff's complaint, the Court finds it is subject to dismissal. All of plaintiff's claims against defendants are barred by the doctrine of sovereign immunity. Plaintiff seeks an award of damages to redress alleged violations to her Constitutional rights. Four of the five defendants are departments of the State of Missouri, while the fifth defendant, Mr. Justin Hughes, is sued only in his official capacity.[1]

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). "The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). Departments of the State, such as the Missouri Department of Mental Health and the Attorney General's Office, share the State of Missouri's Eleventh Amendment immunity. *See Miener v. State of Missouri*, 673 F.2d 969, 980-81 (8th Cir. 1982). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens, and the citizens of other states. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl*, 72 F.3d at 618-19 ("Generally, in the absence of consent

---

[1] *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity" (quotation omitted)); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

4

a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity conferred by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first is "where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second is when a state waives its immunity to suit in federal court. *Id.* at 65. A State will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception applies in this case.

As to the first exception, the Supreme Court has determined that 42 U.S.C. § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). As to the second exception, the State of Missouri has not waived its immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

In sum, the sovereign immunity conferred by the Eleventh Amendment bars plaintiff's claims against the Missouri Department of Mental Health, the Southeastern Missouri Mental Health Facility, Missouri Protection and Advocacy, Justin Hughes in his official capacity,[2] and the

---

[2] In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee

Missouri Attorney General's Office. Additionally, neither exception to sovereign immunity applies here.

Even if plaintiff indicated her intent to bring an individual capacity claim against defendant Justin Hughes, the complaint fails to state any supporting facts, including how and when Mr. Hughes was personally involved or responsible for a constitutional violation against her. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must allege facts connecting the defendant to the challenged action. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of a facility is insufficient to establish personal involvement required to support liability under § 1983). "A federal complaint must contain the 'who , what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).  Plaintiff's allegations, without any additional facts, are simply too vague and conclusory.

Lastly, plaintiff's complaint, as formatted, fails to comply with the Federal Rules of Civil Procedure. It is inappropriate for plaintiff to refer to attachments or exhibits in lieu of presenting a clear and concise statement of the claim. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's non-compliance makes it challenging for this Court to review her complaint pursuant 42 U.S.C. § 1915(e)(2) for the purpose of determining whether she has sufficiently alleged any cognizable

---

in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

constitutional violations. The Court recognizes plaintiff is representing herself in these proceedings, but even self-represented plaintiffs are expected to follow the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

In consideration of plaintiff's self-represented status, the Court will provide her with one opportunity to amend her complaint in compliance with the instructions herein.

### Instructions for Filing an Amended Complaint

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's civil complaint form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name(s) of the person(s) she intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). In the section of the form complaint provided to identify the defendants, plaintiff must specify whether she names each defendant in an individual capacity, an official capacity, or both. Plaintiff is permitted to attach additional pages, if necessary, to list each defendant named in the Caption and specify: (1) the person's job title; and (2) what capacity she is suing the person. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to her claim(s).

In the "Statement of Claim" section, plaintiff must begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting her claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. If plaintiff is suing more than one defendant, she should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. No introductory or conclusory paragraphs are necessary.

**Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.** *See* Fed. R. Civ. P. 20(a)(2). For example, in the instant complaint, it appears that plaintiff's claims regarding HIPPA violations are unrelated to her medical malpractice allegations, which are both unrelated to her allegation that she was assaulted at St. Louis State. Unrelated claims against different defendants belong in different suits. In the alternative, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming her. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx*

*Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Plaintiff must avoid attempting to amend a complaint by filing correspondence or other documents. Instead, plaintiff must file a single amended complaint that sets forth her claims for relief. If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

### Motion for Appointment of Counsel

Plaintiff has also filed a motion to appoint counsel. ECF No. 3. A self-represented litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that she has presented non-frivolous claims. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to mail plaintiff a copy of the Court's 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Civil Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 3] is **DENIED** at this time **without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $402 filing fee or submit an application to proceed without prepaying fees or costs on the Court form with sufficient supporting financial information within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, plaintiff must file an amended complaint in accordance with the instructions herein. Plaintiff is advised that her amended complaint will take the place of her original complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 5th day of January, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE