# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOAN L. AUFDERHEIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-1350-MTS |
| ) | |
| DEPARTMENT OF MENTAL HEALTH, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of self-represented plaintiff Joan L. Aufderheide for leave to commence this civil action without prepaying fees or costs. Docs. [2] and [10]. Having reviewed the motions and the financial information submitted in support, the Court will grant plaintiff's request and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, for the reasons discussed below, the Court will direct plaintiff to file one comprehensive amended complaint that is in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

At present, plaintiff receives care and treatment from the State of Missouri Department of Mental Health at the Southeast Missouri Mental Health Center ("SMMHC") in Farmington, Missouri. On December 19, 2022, plaintiff filed the instant action against five defendants: (1) the Department of Mental Health; (2) SMMHC; (3) Justin Hughes, Forensic Case Monitor; (4) Missouri Protection and Advocacy; and (5) the Attorney General of Missouri. Within the filing, plaintiff did not specify whether she was suing Mr. Hughes in his official and/or individual capacity.

In the section designated for plaintiff to state the facts of her case, she directed the Court to multiple attachments. Within one of the attachments, titled "List of Events," plaintiff asserted various complaints without factual detail. For example, she claimed she was subject to HIPPA violations, dangerous and unhealthy living conditions, and was medically misdiagnosed. She further asserted she was "raped at St. Louis State," became a "human punching bag at SLPRC," and was targeted at her home with false complaints. She indicated she was afraid for her life because a "cold blooded contract murder[er] vowed to kill [her]" and was concerned mentally ill people were allowed to possess firearms. She did not explain how the named defendants were responsible. For relief, plaintiff requested her "civil rights back in full," actual and punitive damages, and for the mental health and penal system to be fixed.

On January 5, 2023, the Court reviewed plaintiff's complaint, liberally construed it as being filed pursuant to 42 U.S.C. § 1983, and found it was subject to dismissal. Doc. [7]. Four of the five defendants were departments of the State of Missouri, while the fifth defendant, Mr. Justin Hughes, was sued in his official capacity only.[1] As such, the Court explained plaintiff's claims were barred

---

[1] *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity" (quotation

by the doctrine of sovereign immunity. Even if plaintiff intended to sue Mr. Hughes in his individual capacity, the Court noted the claims against him would still fail because she did not include any supporting facts, such as how he was personally involved or responsible for a constitutional violation against her. The Court also informed plaintiff that her complaint, as formatted, failed to comply with the Federal Rules of Civil Procedure. Specifically, the Court explained it was inappropriate for her to refer to attachments or exhibits in lieu of presenting a clear and concise statement of the claim.

In consideration of plaintiff's self-represented status, the Court provided her with an opportunity to amend her complaint in order to cure the specified pleading deficiencies. The Court provided her with detailed instructions on how to properly format her amended complaint and present her allegations.

### Amended Complaints and Letter to the Court

On January 5, 2023, the Court received two separate amended complaints, Docs. [9], [11], and an eighteen-page letter to the Court, Doc. [12]. The first amended complaint lists the defendants as follows: "SEMO, DMH, and BJC, Farmington, MACO Management, Eugene Fields." *See* Doc. [9] at 2. She does not identify the employer of Eugene Fields or his job title. Plaintiff also attaches a copy of Court's docket sheet, in which she crosses out "Attorney General of Missouri" and writes, "BJC, Barnes Jewish Center + Maco Management of Farmington." *Id.* at 7. She does not cross out Justin Hughes. In the section designated for the statement of claim, plaintiff writes, "see attach sheet." *Id.* at 5. There is no factual statement, however, attached to her

---

omitted)); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

complaint. Instead, plaintiff provides a letter from a dog school service regarding her therapy animal and various American Kennel Club fact sheets relating to dog training. *See* Doc. [9-1].

The second amended complaint lists defendants as follows: "SEMO, Denise Hatcher, et al." and "MACO Management." *See* Doc. [11] at 2-3. Again, she writes "see attach sheet" in the section where she is directed to provide a statement of the facts to support her claim. *Id.* at 3. Attached to the complaint is an Order from the Circuit Court of St. Francois County, Missouri indicating it has no jurisdiction to entertain her application for release. Doc. [11-1]. No statement of claim is provided.

For relief, the first filing seeks: "my service dog, my rights, my freedom," "appropriate actual and punitive damages," and for the "parties involved to be held [] accountable[.]" Doc. [9] at 5. The second filing seeks: "writ of habeas corpus" or "transfer to Boone Hospital in Columbia or FSH." Doc. [11] at 5.

The eighteen-page letter to the Court is a handwritten narrative of plaintiff's lifelong struggles with her family and state entities. Doc. [12]. Plaintiff discusses experiences from 1999 to the present. She explains she was sexually and physically abused by her family and individuals within state facilities. At some point she was removed from the custody of her parents by the juvenile court system. She discusses developing psychological issues in her late 20's, which she claims were wrongfully diagnosed. She indicates she is currently housed in a ward with males and sex offenders, and desires separation. Plaintiff writes that an attorney advised her to file a § 1983 action for a violation of her civil rights for wrongful revocation of her conditional release in 2022. She further discusses a situation in which her service dog was "mauled by another tenant's dog," and appears to claim that her release revocation was related to that incident. Plaintiff complains

5

about her current living situation in which she states has had false claims filed against her and is denied piano lessons. She asks to be discharged into independent living so she can be with her dog.

**Discussion**

Due to the formatting of the captions and the filing of three separate documents with attachments, it is entirely unclear to the Court who plaintiff is intending to sue in this action and what causes of action are being alleged. On January 5, 2023, the Court explicitly instructed plaintiff to provide a clear list of the defendants and an organized statement of claim identifying what each defendant is alleged to have done or not done to violate specific constitutional rights. Plaintiff was told she "must avoid attempting to amend a complaint by filing correspondence or other documents" and "must file a single amended complaint that sets forth her claims for relief." *See* Doc. [7] at 9.

Instead of following the Court's instructions, plaintiff filed two separate amended complaints with a letter to the Court. She did not provide a statement of the claim and, again, attempted to support her lawsuit with various unexplained attachments. It is not the Court's responsibility to sift through plaintiff's filings to find a claim. To the contrary, plaintiff must present "a short and plain statement of the claim showing that [she] is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Even though she is a self-represented litigant, plaintiff must still comply with Rule 8 of the Federal Rules of Civil Procedure. *See Cody v. Loen*, 468 Fed. Appx. 644, 645 (8th Cir. 2012) (stating that a self-represented litigant is not excused from Fed. R. Civ. P. 8, "which requires a short and plain statement showing the pleader is entitled to relief"). *See also Goins v. Russell*, 2014 WL 2095336, at *2 (E.D. Mo. May 20, 2014) ("The court will not accept plaintiff's attempts to supplement his complaint on a piecemeal basis. All claims in an action must be

6

included in one, centralized complaint form, as neither the court nor defendants wish to search through supplemental pleadings in order to piece together plaintiff's claims.").

In consideration of plaintiff's self-represented status, the Court will provide plaintiff with one final opportunity to submit a comprehensive amended complaint with a proper statement of claim and list of defendants. However, to the extent plaintiff is seeking release from SMMHC, she cannot obtain such a remedy pursuant to a civil rights action brought under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If plaintiff desires to affect her release, she must file a petition for writ of habeas corpus that is separate from the instant action. *See Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle to seek immediate or speedier release). Additionally, transfers to another facility are entirely within the discretion of institutional officials. *See Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984). As such, to the extent plaintiff requests an institutional transfer, such relief is also unavailable, even if her underlying claims are otherwise meritorious.

### Instructions for Filing an Amended Complaint

Plaintiff is advised that her third amended complaint will replace the original and all other previously filed complaints and supplements. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's civil complaint form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

**In the "Caption" section of the complaint form, plaintiff should write the name(s) of the person(s) she intends to sue.** *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name

7

all the parties"). In the section of the form complaint provided to identify the defendants, plaintiff must specify whether she names each defendant in an individual capacity, an official capacity, or both. **Plaintiff is permitted to attach additional pages, if necessary, to list each defendant named in the Caption and specify: (1) the person's job title; and (2) what capacity she is suing the person.** Plaintiff should avoid naming anyone as a defendant unless that person is directly related to her claim(s).

In the "Statement of Claim" section, plaintiff must begin by writing a defendant's name. **In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting her claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated.** If plaintiff is suing more than one defendant, she should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. No introductory or conclusory paragraphs are necessary.

**Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.** *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants belong in different suits. In the alternative, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a).

**It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming her.** *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan*

8

*Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Plaintiff must not amend by filing correspondence or other documents. **Plaintiff must file a single amended complaint that sets forth her claims for relief.** The amended complaint must be drafted on **one** form complaint. If plaintiff fails to file a third amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed *in forma pauperis*, Docs. [2] and [10], are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff one blank Civil Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, plaintiff must file a third amended complaint in accordance with the instructions herein and the instructions in the Court's January 5, 2023, Memorandum and Order. Doc. [7].

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 27th day of January, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE