## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOAN L. AUFDERHEIDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22-CV-1350-MTS |
| | ) |
| DEPARTMENT OF MENTAL HEALTH, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of the third amended complaint filed by self-represented plaintiff Joan L. Aufderheide. Doc. [15]. For the reasons discussed below, the Court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above

the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self represented complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

At present, plaintiff receives care and treatment from the Missouri Department of Mental Health ("MDMH") at the Southeast Missouri Mental Health Center ("SMMHC") in Farmington, Missouri. On December 19, 2022, plaintiff filed the instant action against five defendants: (1) MDMH; (2) SMMHC; (3) Justin Hughes, Forensic Case Monitor; (4) Missouri Protection and

2

Advocacy; and (5) the Attorney General of Missouri. Plaintiff did not specify whether she was suing Mr. Hughes in his official and/or individual capacity.

In the section designated for plaintiff to state the facts of her case, she directed the Court to multiple attachments. Within one of the attachments, titled "List of Events," plaintiff asserted various complaints without factual detail. For example, she claimed she was subject to HIPPA violations, dangerous and unhealthy living conditions, and was medically misdiagnosed. She further asserted she was "raped at St. Louis State," became a "human punching bag" and was targeted at her home with false complaints. She indicated she was afraid for her life because a "cold blooded contract murder[er] vowed to kill [her]" and was concerned mentally ill people were allowed to possess firearms. She did not explain how the named defendants were responsible for any of the allegations. For relief, plaintiff requested her "civil rights back in full," actual and punitive damages, and for the mental health and penal system to be fixed.

On January 5, 2023, the Court reviewed plaintiff's complaint, liberally construed it as being filed pursuant to 42 U.S.C. § 1983, and found it was subject to dismissal. Doc. [7]. Four of the five defendants were departments of the State of Missouri, while the fifth defendant, Mr. Justin Hughes, was sued in his official capacity only.[1] The Court explained that plaintiff's claims against state agencies were barred by the doctrine of sovereign immunity. Even if plaintiff intended to sue Mr. Hughes in his individual capacity, the Court noted the claims against him would fail because she did not include any supporting facts, such as how he was personally involved or responsible for a

---

[1] *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity" (quotation omitted)); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

constitutional violation against her. The Court also informed plaintiff that her complaint, as formatted, failed to comply with the Federal Rules of Civil Procedure. Specifically, it was inappropriate for her to refer to attachments or exhibits in lieu of presenting a clear and concise statement of the claim.

In consideration of plaintiff's self-represented status, the Court provided her with an opportunity to amend her complaint in order to cure the specified pleading deficiencies. The Court provided her with detailed instructions on how to properly format her amended complaint and present her allegations.

### Amended Complaint and Letter to the Court

Plaintiff subsequently filed two separate amended complaints, Docs. [9], [11], and an eighteen page letter to the Court, Doc. [12]. The first amended complaint listed the defendants as: "SEMO, DMH, and BJC, Farmington, Maco Management, Eugene Fields." *See* Doc. [9] at 2. She did not identify Eugene Fields's employer or his job title. Plaintiff attached a copy of the Court's docket sheet, in which she crossed out "Attorney General of Missouri" and wrote, "BJC, Barnes Jewish Center + Maco Management of Farmington." *Id.* at 7. She did not cross out Justin Hughes. In the section designated for the statement of claim, plaintiff wrote, "see attach sheet." *Id.* at 5. Attached was a letter from a dog school regarding her therapy animal and various American Kennel Club fact sheets related to dog training. *See* Doc. [9-1].

Her second amended complaint listed defendants as: "SEMO, Denise Hatcher, et al." and "Maco Management." *See* Doc. [11] at 2-3. Again, she wrote "see attach sheet" in the section where she was directed to provide a statement of the facts to support her claim. *Id.* at 3. Attached was an Order from the Circuit Court of St. Francois County, Missouri indicating it had no

jurisdiction to entertain her application for release. Doc. [11-1]. No statement of claim was provided.

For relief, the first filing sought: "my service dog, my rights, my freedom," "appropriate actual and punitive damages," and for the "parties involved to be held [] accountable[.]" Doc. [9] at 5. The second filing sought: "writ of habeas corpus" or "transfer to Boone Hospital in Columbia or FSH." Doc. [11] at 5.

The eighteen-page letter to the Court was a handwritten narrative of plaintiff's lifelong struggles with her family and state entities. Doc. [12]. Plaintiff discussed experiences from 1999 to the present, including her relationship with her family and the development of her psychological issues. She indicated she was currently housed in a ward with males and sex offenders, and wanted to be separated from them and/or transferred. She also indicated her belief that her conditional release was wrongfully revoked in 2022. She further discussed a situation in which her service dog was "mauled by another tenant's dog," and appeared to claim that her release revocation was related to that incident.

On January 27, 2023, the Court reviewed her first and second amended complaints and found they were once again subject to dismissal. The Court noted it was unclear who she intended to sue as she listed different defendants in two separate filings without a clear and concise statement of the claim. The Court indicated it was providing her with "one final opportunity to submit a comprehensive amended complaint with a proper statement of claim and list of defendants." Plaintiff was further instructed that it was inappropriate to seek release or transfer from SMMHC through a civil rights action brought under § 1983.

**Third Amended Complaint**

On February 28, 2023, the Court received plaintiff's third amended complaint. Doc. [15]. Plaintiff lists the following defendants: (1) MDMH, (2) Denise Hacker, employee of Southeast Missouri Department of Mental Health ("SEMO"); (3) Justin Hughes, case manager at MDMH; (4) Missouri Protection and Advocacy; (5) "BJC - Barnes Jewish Center, Richard J. Lickweg - CEO"; (6) Maco Management; and (7) Mid-Mo Mental Health. *Id.* at 1-4. Plaintiff does not indicate whether she is bringing her claims against defendants Hacker, Hughes, and Lickweg in their individual or official capacities or both. Thus, as discussed above, the Court will interpret the complaint as bringing only official capacity claims.

Under the section to list the specific federal statutes or provisions of the U.S. Constitution that are at issue in this case, plaintiff wrote:

> American Disability Act
>
> U.S Constitution – to include but not limited to 1st, 6th, 8th, 14th. Harassment based on sex, female and PTSD. Disability, Discrimination on Ethnicity and Heritage; Whistle Blower Act, HIPPA Violations, Failure to provide an attorney, los[s] of freedom w/o due process of law.

Doc. [15] at 5.

Similar to her previous filings, plaintiff asserts dozens of allegations, many of which are unrelated. For example, she asserts SEMO denied her the right to a service dog, failed to give her prescribed medications and therapy, prevented her from "present[ing] 14th amendments" during a hearing, inappropriately placed her in an all-male ward where she has been subjected to assault and harassment, did not fix issues with the "phone system," committed "violations of administrative law," and provided her with "no personal privacy and confidentiality." *Id.* at 8-9.

As to Mid-Mo, she alleges it "failed to make accommodations for [her] service dog" and did not provide her with blood pressure meds for approximately 48 hours. Plaintiff asserts her dog

was mauled by another dog, and takes issue with the property manager of Eugene Fields Apartments who required her to remove her dog from the premises. Neither the property manager nor the apartment complex is named as a defendant in her third amended complaint.

The disjointed and narrative format of plaintiff's third amended complaint makes it very difficult for the Court to understand what allegations are being made against the remaining defendants, which specific federal constitutional or statutory claims she is attempting to allege against each defendant, when the alleged violations occurred, and who at the state facilities were responsible, if any. The final pages of plaintiff's statement of claim do not reference a specific defendant, but, instead, discuss a sexual assault she experienced in 1985, address her concerns that medical technicians who have "mental illness or addiction" can dispense medicine, and recount an incident in 1998 when the police wrongly placed her on a suicide hold.

For relief, plaintiff seeks "unconditional release," compensation for trauma, costs to replace property loss, funds for her to continue therapy, a "name change," and "actual and punitive damages."

## Discussion

After careful review of plaintiff's third amended complaint, the Court finds it must be dismissed for failure to state a claim and legal frivolousness. The Court has provided plaintiff with two separate opportunities to file an amended complaint. Plaintiff was instructed to clearly list the defendants she wishes to sue and to indicate whether she intends to sue them in their individual capacity, official capacity, or both. The Court informed plaintiff that she can only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. In the alternative, plaintiff was told she may choose a single defendant and set forth as many claims as she has against him or her. *See* Fed. R. Civ. P. 18(a). The Court further emphasized that

a "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."

Inapposite of the Court's instructions, plaintiff filed a third amended complaint without specifying the capacity the defendants are sued, included allegations against several defendants which are mostly unrelated, and failed to make clear what defendants Hacker, Hughes, or Lickweg specifically did to violate plaintiff's federal constitutional or statutory rights. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of a facility is insufficient to establish personal involvement required to support liability under § 1983).

Plaintiff's allegations are factually frivolous as they lack an arguable basis in either law or in fact. Reading the complaint as a whole, the Court cannot determine exactly what plaintiff is attempting to allege. Plaintiff provides a litany of claims ranging from complaints about her service dog, her housing situation, the manner in which medication is administered, issues with her revocation hearing, and lack of access to therapy. Plaintiff provides no factual support for these claims or how her allegations specifically relate to the named defendants in this action or to each other.

Plaintiff was instructed in the Court's January 5, 2023 Memorandum and Order that claims against the State of Missouri and its departments are barred by the doctrine of sovereign immunity. *See* Doc. [7]. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). "The Eleventh

Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). Departments of the State, including defendants MDMH, SEMO, and the Missouri Protection and Advocacy, share the State of Missouri's Eleventh Amendment immunity. *See Miener v. State of Missouri,* 673 F.2d 969, 980-81 (8th Cir. 1982). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens, and the citizens of other states. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl*, 72 F.3d at 618-19 ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). No exception to sovereign immunity applies here.

As to defendants Hacker and Hughes, who are alleged to be employees of state agencies, plaintiff's official capacity claims against them are frivolous. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). Because their state employers are immune from suit pursuant to sovereign immunity, plaintiff's official capacity claims against Hacker and Hughes fail.

9

As to defendants Barnes Jewish Hospital, Lickweg (the CEO of Barnes Jewish Hospital), Maco Management, and Mid-Mo Mental Health, it is not clear to the Court, and plaintiff has not alleged, that they are public actors subject to a civil rights suit. To the contrary, Barnes Jewish Hospital and Mid-Mo Mental Health appear to be private hospitals or private healthcare facilities, and Maco Management appears to be a private property management company. Section 1983 only imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. *See Scott v. BJC Behav. Health*, 2011 WL 2899141, at *4 (E.D. Mo. July 20, 2011) (BJC and its employees are private actors not subject to § 1983 claims).

To the extent plaintiff is intending to bring an ADA claim against any of the defendants, plaintiff does not assert how she (1) is a person with a disability as defined by statute, (2) is otherwise qualified for a specific benefit, and (3) was excluded from the benefit due to discrimination based upon disability. *See Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999). If it was her intent to bring disability and/or race discrimination claims, she was required to provide non-conclusory facts to support each claim. A statement that "defendant discriminated against me based on my race" is not sufficient.  "A federal complaint must contain the 'who , what, when and where' of what happened[.]" *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).  Stated differently, a complaint needs "to allege more by way of factual content to nudge [a] claim of purposeful discrimination across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 683.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and legal frivolousness. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, Doc. [14], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 30th day of March, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE